FROMME *v.* BORCHMAN.

(Division B.   Feb. 19, 1940.)

[193 So. 811.   No. 34057.]

**Carl Marshall,** of Gulfport, for appellant.

536

David Cottrell, Jr., of Gulfport, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The appellee, who was approximately 64 years of age, advertised for and obtained employment to do general house work as a domestic servant. After working for appellant for about 30 days, she sustained an injury by falling from a set of factory made steps (referred to in the testimony as a "stool") while attempting to hang a curtain at the window in the guest room. The steps were about two feet high, and, according to appellee's testimony, constituted "a good steady stool," which she had previously used frequently in the kitchen when reaching

articles on the pantry shelves and elsewhere. She sued and recovered a judgment for damages upon the theory that there had been a failure on the part of her employer to exercise reasonable care to furnish her a reasonably safe place to work.

On the occasion complained of it appears that one of those ever recurring and familiar house-cleanings was in progress; that the window curtains had been cleaned, stretched and ironed; and that they were ready to be put back in place. Some one had already hung those in the guest room except one, and had left the stool in that room in front of the only undraped window left. The appellant, who was of advanced age and in bad health, requested appellee to go and hang the remaining curtain, not knowing that the stool was in the room in front of the window, since its accustomed place was in the kitchen. Thereupon, appellee stated that she "had never hung a curtain," when appellant responded by saying, "why, anyone can hang a curtain." Upon entering the room and seeing the stool in front of the window where she was to hang this curtain, appellee undertook to use it without having been specifically requested so to do. She thought that she would be able to reach the curtain rod and hang the curtain in safety while standing on the stool, but she was not of sufficient height to do so. Consequently, she lost her balance in the attempt and fell. Her employer was not present, nor was any complaint made to her about the stool not being high enough. The stool was not defective or insubstantial. After taking in the situation, appellee herself thought she could use it for the task undertaken, and would have been able to do so uneventfully, except for the fact that she misjudged the extent of her reach and lost her balance. We are therefore of the opinion that there was no failure on the part of the employer to exercise reasonable care to furnish the employee a reasonably safe place to work, and that the peremptory instruction requested by the appellant should have been granted.

Reversed, and judgment here for the appellant.